United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 13, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Case No. 26-30192 (EVR) |
| Mick's Grass & Sod Service, Inc.,[1] | Chapter 11 Subchapter V |
| Debtor. | |

**ORDER
CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
PURSUANT TO 11 U.S.C. § 1191(a)**

The Court held a hearing (the "**Confirmation Hearing**") to consider confirmation of the subchapter V plan of reorganization, ECF No. 129 (the "**Plan**" or "**Plan of Reorganization**") filed by Mick's Grass & Sod Service, Inc.'s ( the "**Debtor**"). Having considered the Plan, testimony, declarations, ballot summary, liquidation analysis and other evidence admitted at the Confirmation Hearing, the arguments of counsel and the applicable legal authorities, the Court hereby confirms the Plan and makes and issues the following findings of fact and conclusions of law (the "**Confirmation Order**").[2]

### I.   JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3]

---

[1] The last four digits of the Debtor's federal tax identification numbers are 9326.

[2] Capitalized terms not defined herein shall have the meaning set forth in the Plan.  All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., unless otherwise indicated.

[3] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) this proceeding involves primarily core matters as it "concern[s] the administration of the estate and confirmation of a chapter 11 plan."[4] Furthermore, this Court may only hear a case in which venue is proper. Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Debtor's chapter 11 case is presently pending in this Court and therefore, venue of this proceeding is proper. The pending matter before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[5]

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This order supplements those findings and conclusions.  If there is an inconsistency, this Order controls.

On January 8, 2026 (the "**Petition Date**"), the Debtor commenced this bankruptcy case (the "**Case**") by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor has continued as a debtor in possession pursuant to 11 U.S.C. §§ 1108 and 1184.

On January 12, 2026, the Office of the United States Trustee filed a *Notice of Appointment of Subchapter V Trustee*, ECF No. 17, appointing Tom Howley as the subchapter V trustee (the "**Subchapter V Trustee**") pursuant to 11 U.S.C. § 1183(a).

---

[4] 11 U.S.C. § 157(b)(2).

[5] *Stern v. Marshall,* 564 U.S. 462 (2011).

As of the petition date, the Debtor was and continues to be eligible for relief under 11 U.S.C. § 109 and subchapter V of the Bankruptcy Code, and the Debtor is the proper proponent of the Plan under 11 U.S.C. § 1189.

The Debtor complied with 11 U.S.C. §1189(b). The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The Plan and Confirmation Hearing Notice were each transmitted and served in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

The solicitation of the Plan complied with the Bankruptcy Code and Bankruptcy Rules, was appropriate and satisfactory based upon the circumstances of the Case, was conducted in good faith, and was in compliance with 11 U.S.C. §§ 1125, 1126, and all other applicable sections of the Bankruptcy Code and Bankruptcy Rules.

All parties required to be given notice of the bankruptcy, all deadlines in the Case, the Plan, and the Confirmation Hearing have been provided due, proper, timely, and adequate notice and had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

The Plan complies with 11 U.S.C. § 1190 because it contains a brief history of Debtor's business operations; a liquidation analysis; projections with respect to the Debtor's ability to make the payments under the Plan; and the submission of all or a portion of the subchapter V debtor's post-petition income from future earnings to the supervision and control of the trustee as is necessary for the execution of the plan.

The Debtor, as proponent of the Plan, has meet its burden of proving the applicable elements of 11 U.S.C. §§1191(a) by a preponderance of the evidence.

Accordingly, it is therefore **ORDERED** that:

1.      **Confirmation of Plan:** The Plan of Reorganization filed by the Debtor on April 8, 2026 (ECF No. 129) and attached hereto as **Exhibit A**, is hereby **CONFIRMED** and approved in each and every respect as a consensual plan pursuant to 11 U.S.C. § 1191(a), subject to the modifications set forth in this Confirmation Order. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The Plan shall be effective and binding upon entry of this Confirmation Order but subject to the occurrence of the Effective Date.

2.      In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

3.      The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are effective as of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, 11 U.S.C. § 1141, the Plan and this Confirmation Order shall be binding on: (a) the Debtor; (b) all holders of claims and interests, irrespective of whether they are impaired under the Plan and whether or not such holders of claims and interests voted to accept the Plan; and (c) each person or entity acquiring property under the Plan. The Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

4.      Upon entry of this Confirmation Order, and pursuant to § 1191(a), the Debtor Mick's Grass & Sod Service, Inc. ("**MGSS**") is discharged (*see* ¶ 8 of this Confirmation Order) and emerges from this Case as the "Reorganized Debtor." The terms of the Plan and MGSS' entry into any related documents and performance thereunder, including, without limitation, all documents necessary to implement the transactions contemplated under the Plan, are hereby approved and authorized. MGSS is authorized to take all actions necessary or appropriate to enter

into, implement, and consummate the contracts, agreements and other documents contemplated by the Plan.

5.      MGSS and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as necessary or appropriate in connection with the Plan and this Confirmation Order.

6.      To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby **OVERRULED**.

7.      **Notice of Confirmation Order**: Within three (3) calendar days after entry of this Confirmation Order, MGSS must serve notice of entry of this Confirmation Order, ("**Notice**"), pursuant to Bankruptcy Rule 3020(c). The Notice must be sent to all creditors and parties-in-interest by first class mail, postage prepaid. MGSS must thereafter promptly file a copy of such Notice with proof of mailing with the Clerk of Court.

8.      **Discharge**: The Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by this Plan; (ii) excepted from discharge under 11 U.S.C. § 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; (iii) to the extent provided in 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation; and (iv) to the extent the Plan expressly provides for a debt or obligation to carry through past discharge and/or past the end of the Plan Period.

9.      **Consummation and Final Decree**: Pursuant to 11 U.S.C. § 1183(c)(2), no later than fourteen (14) days after the Plan is substantially consummated, MGSS must file with the court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation and file such notice with the Clerk of Court.

10.     No later than thirty (30) calendar days from the Effective Date of the confirmed Plan, all professionals, unless stated otherwise under the Plan, including the Subchapter V Trustee, must file all final fee applications, pursuant to Fed. R. Bankr. P. 2016.

11.     The Debtor shall file a motion for final decree, pursuant to Fed. R. Bankr. P. 3022 and 11 U.S.C. § 1106(a)(7).

12.     Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee in the Debtor's bankruptcy case shall terminate as provided under 11 U.S.C. § 1183(c)(1). Nevertheless, the Subchapter V Trustee is not discharged pursuant 11 U.S.C. § 350(a) until such time as the Court enters its final decree and closes the case.

13.     Not later than sixty (60) days after the Plan has been substantially consummated the Subchapter V Trustee must file with the Clerk of Court a Report of No Distribution (NDR) or Final Report (TFR).

14.     Debtor must request a hearing date on all final motions, including the motion for final decree.

15.     **Modifications:** Any terms and provisions of the Plan that are not expressly modified by, or as referenced/incorporated in, this Confirmation Order remain the same. The terms of the Plan filed at ECF No. 129 are modified as follows:

a.  Lamborghini Financial Services, Inc.

> The treatment, classification, and allowance of Claim No. 27-1 filed by Lamborghini Financial Services, Inc. ("**Lamborghini**") under the Plan, any effect of the Plan on any of Lamborghini's rights and remedies relating to the collection of a deficiency balance from a non-debtor party, and any other Plan-related terms, rights, and/or limitations as to Lamborghini, shall be governed by the terms of the *Stipulation* filed at ECF No. 156 in this Case (the "**Lamborghini Stipulation**"). The Lamborghini Stipulation is attached hereto as **Exhibit B**. Any Plan-related terms or provisions not expressly addressed in the Lamborghini Stipulation remain the same and remain in full force with respect to Lamborghini. In the event of a conflict between the Lamborghini

Stipulation and the Plan, the Lamborghini Stipulation controls subject to any other or further limitations imposed by this Confirmation Order and/or the Bankruptcy Court. For avoidance of doubt, the Lamborghini Stipulation affects and/or modifies certain Plan terms relating only to Lamborghini and its claim(s); the Lamborghini Stipulation does not in any way modify, effect, or otherwise change the Plan terms with respect to any other party.

b.  Idea 247, Inc.

The treatment, classification, and allowance of Claim No. 17-1 filed by Idea 247, Inc. ("**Idea 247**") under the Plan, and any other Plan-related terms and/or limitations as to Idea 247, shall be governed by the terms of the *Stipulation* filed at ECF No. 152 in this Case (the "**Idea 247 Stipulation**"). The Idea 247 Stipulation is attached hereto as **Exhibit C**. Any Plan-related terms or provisions not expressly addressed in the Idea 247 Stipulation remain the same and remain in full force with respect to Idea 247. In the event of a conflict between the Idea 247 Stipulation and the Plan, the Idea 247 Stipulation controls subject to any other or further limitations imposed by this Confirmation Order and/or the Bankruptcy Court. For avoidance of doubt, the Idea 247 Stipulation affects and/or modifies certain Plan terms relating only to Idea 247 and its claim(s); the Idea 247 Stipulation does not in any way modify, effect, or otherwise change the Plan terms with respect to any other party.

c.  Ewing Irrigation Products, Inc.

The treatment, classification, and allowance of Claim No. 16-1 filed by Ewing Irrigation Products, Inc. ("**Ewing**") under the Plan, and any other Plan-related terms and/or limitations as to Ewing, shall be governed by the terms of the *Stipulation* filed at ECF No. 150 in this Case (the "**Ewing Stipulation**"). The Ewing Stipulation is attached hereto as **Exhibit D**. Any Plan-related terms or provisions not expressly addressed in the Ewing Stipulation remain the same and remain in full force with respect to Ewing. In the event of a conflict between the Ewing Stipulation and the Plan, the Ewing Stipulation controls subject to any other or further limitations imposed by this Confirmation Order and/or the Bankruptcy Court. For avoidance of doubt, the Ewing Stipulation affects and/or modifies certain Plan terms relating only to Ewing and its claim(s); the Ewing Stipulation does not in any way modify, effect, or otherwise change the Plan terms with respect to any other party.

d.   Ford Motor Credit Company LLC.

The treatment, classification, and allowance of Claim Nos. 2-1, 3-1, 4-1, 5-1, 6-1, 7-1, and 8-1 filed by Ford Motor Credit Company LLC ("**Ford**") under the Plan, and any other Plan-related terms and/or limitations as to Ford, shall be governed by the terms of the *Stipulation* filed at ECF No. 158 in this Case (the "**Ford Stipulation**"). The Ford Stipulation is attached hereto as **Exhibit E**. Any Plan-related terms or provisions not expressly addressed in the Ford Stipulation remain the same and remain in full force with respect to Ford. In the event of a conflict between the Ford Stipulation and the Plan, the Ford Stipulation controls subject to any other or further limitations imposed by this Confirmation Order and/or the Bankruptcy Court. For avoidance of doubt, the Ford Stipulation affects and/or modifies certain Plan terms relating only to Ford and its claim(s); the Ford Stipulation does not in any way modify, effect, or otherwise change the Plan terms with respect to any other party.

e.   Texas Irrigation Supply.

The treatment, classification, allowance, and terms relating Claim No. 1-1 filed by Texas Irrigation Supply ("**Texas Irrigation**") under the Plan, is modified as follows:

The first monthly payment by MGSS to Texas Irrigation under the Plan shall commence within **20** days of the Effective Date, or as the parties may mutually agree to otherwise. The parties may execute ancillary documents, including provision of a full payment schedule. Except as expressly modified in this Confirmation Order, all other Plan terms remain the same and in full force with respect to Texas Irrigation.

In the event of a conflict between the Plan and the Confirmation Order, the Confirmation Order controls. For avoidance of doubt, the expressly stated Texas Irrigation-related modifications provided for herein affect and/or modifies certain Plan terms relating only to Texas Irrigation and its claim(s) and does not in any way modify, effect, or otherwise change the Plan terms with respect to any other party.

f.   Texas Comptroller of Public Accounts.

Notwithstanding any term in the Plan or this Confirmation Order to the contrary, (i) the Texas Comptroller of Public Accounts (the "**Texas Comptroller**") setoff rights shall be preserved under section 553 of the Bankruptcy Code, (ii) pursuant to section 503(b)(1)(D) of the Bankruptcy Code, the Texas Comptroller shall not be required to file an application, motion, or request for payment, or a proof of claim for amounts coming due post-petition, (iii) amounts coming due post-petition shall be reported and paid timely under and in accordance with applicable state law, and (iv) this case shall not affect

the Texas Comptroller's rights, if any, to pursue responsible non-Debtor third party individuals or entities.

The Texas Comptroller holds a Priority Tax Claim for pre-petition franchise tax in the amount of **$15,774.58**.  The Priority Tax Claim for franchise tax shall be paid upon reporting of the 2026 franchise tax.  The requisite return and payment are due and shall be filed no later than Debtor's **August 17, 2026**, extended due date.

A failure by Debtor to remit a payment to the Texas Comptroller pursuant to the Plan or this Confirmation Order, shall be an Event of Default.  Notice of default shall be served upon Debtor's counsel, Elias Yazbeck, via email to elias@yazbecklaw.com with a copy to Debtor's representative via email at david@mickgrass.com.

If Debtor fails to cure an Event of Default within seven (7) calendar days after service of written notice of default from the Texas Comptroller, then the Texas Comptroller may (a) enforce the entire amount of its claim(s); (b) exercise all rights and remedies under applicable non-bankruptcy law; and/or (c) seek such relief as may be appropriate in this Court.  Debtor shall be allowed to cure up to two (2) Events of Default.  Upon a third Event of Default, the Texas Comptroller may exercise their rights without further notice or relief from the Bankruptcy Court.

g.  <u>Origin Bank</u>. For avoidance of doubt, the Plan provisions relating to the secured contingent claim(s) of Origin Bank ("**Origin**"), as set forth at ¶ 63-67 of the Plan, is clarified to include the following:

Origin's claim shall be considered "unimpaired" and there shall be no discharge of the related loan(s) or other impairment to the loans on account of the bankruptcy. Origin retains any and all liens it had pre-petition to the same extent and validity that it had pre-petition.

MGSS is reaffirming its obligations under the Origin loan(s) and any of Origin's rights, interest, and remedies survive the Debtor's discharge, confirmation of the Plan, and, to the extent applicable, past the Plan Period until the debt is satisfied—except with respect to the limitation that MGSS' bankruptcy, the commencement of this Case, the confirmation of this Plan, or the consummation of the Plan, does not and shall not constitute a default or event of a default, as set forth at ¶ 67 of the Plan.

h.  <u>Non-Classified Claims - Administrative Expenses</u>.

Notwithstanding any provision or terms of the Plan or any prior orders in this Case to the contrary, for clarification and avoidance of doubt, any "non-classified" administrative expenses of estate professionals or other ordinary course expenses, set forth in the Plan at ¶¶ 57-60, will be paid out of the Reorganized Debtor's monthly disposable income (and from the reserve that shall be set aside (see Plan at ¶ 18)), until paid in full. These administrative claims shall be paid in full before the Allowed Class 6 – General Unsecured Claims receive any distribution under the Plan. The current expected administrative expenses are as follows: (i) Subchapter V Trustee Fees (subject to final fee application); (ii) Debtor's Counsel, The Law Office of Elias M. Yazbeck, PLLC, which is estimated to be between $100,000.00 to $130,000.00 (subject to final fee application); (iii) the fees and expenses of Debtor's former counsel Jones Murray LLP in the total amount of $40,544.14 (approved by final fee application at ECF No. 115); (iv) any ordinary course expenses relating to MGSS' non-employee tax accountant/CPA; and (v) any post-petition/priority taxes that may be become due in the ordinary course.

i.  <u>Payment Methods</u>.

With respect to payments on account of any non-classified claims and any other allowed claims under the Plan, MGSS may issue the payments to said claimants by either: (1) any method, electronically or by check, to the address and/or account of said claimant, as the parties may mutually agree upon, in the interest of efficiency and avoidance of unnecessary expenses; or (2) if the parties have not mutually agreed, MGSS shall  mail the payment by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known mailing address. A claimant must provide written notice by email to Debtor's counsel, Elias Yazbeck at elias@yazbecklaw.com with a copy to Debtor's representative at david@mickgrass.com to change/update its payment address/payment instructions.

If a Plan Payment issued to a claimant by MGSS in accordance with the Plan and this Confirmation Order is not cashed/accepted by the claimant or is otherwise returned to MGSS, MGSS shall set that Plan Payment aside into a separate account and/or shall segregate and keep a detailed accounting of the segregated funds. MGSS shall reissue any returned/unaccepted Plan Payments upon contact/communication by claimant, provided that they provide updated payment instructions. Any claimant seeking a re-issuance of a Plan Payment shall pay/cover any reasonable and actual fees/expenses incurred by MGSS to reissue the Plan Payment. Any Plan Payments that remain unclaimed for **10** days after the end of the Plan Period shall fully re-vest back to MGSS, and such claimant waives any and all right to receive that unclaimed distribution; MGSS is considered to have completed its Plan Payments as if such claimant had

received/accepted the funds; MGSS is not considered to be in default of its Plan Payments on account of any claimant failing to accept/receive/claim a Plan Payment issued by MGSS.

16.     **Disbursing Agent:** Pursuant to § 1191(a), the Reorganized Debtor shall act as the disbursing agent for Plan Payments. MGSS shall issue payments in a timely manner that is consistent with the terms set forth in the Plan. Monthly payments are to be paid in accordance with pre-petition practices with respect to any agreements assumed/reaffirmed, as specifically stated in the Plan, and/or in accordance with a payment schedule agreed upon by and between MGSS and certain creditors (where applicable under the Plan). The Debtor shall issue the payments of the disposable income once a year, as provided for under the Plan. The *pro rata* distribution sheet attached as **Exhibit F** illustrates the current pool of known allowed general unsecured claims and their current estimated percent share of  a distribution.

17.     **Specificity:** The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

18.     **Preservation of Causes of Actions:** Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not

have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the provisions of the Plan, evaluate and determine whether to pursue any such retained claims.

19.    **Vesting of Assets:** Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors. If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

20.    All of the Debtor's assets shall be granted, released, assigned, conveyed, transferred, and delivered as of the Effective Date to the Reorganized Debtor pursuant to 11 U.S.C. §§ 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and Confirmation Order, and as of the Effective Date, free and clear of any and all liens, claims, encumbrances, and interests (legal, beneficial, or otherwise) of all other persons and governmental units to the maximum extent contemplated by and permissible under 11 U.S.C. § 1141(c) for the uses and purposes as specified in the Plan and this Confirmation Order.

21.    **Retention of Jurisdiction:** The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d), including with respect to the interpretation, implementation, and/or enforcement of the Plan and this Confirmation Order.

22.    **Governing Law:** Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated in the

Plan, the laws of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control.

23.      This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof.

**Signed: Wednesday, May 13, 2026**

_____

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge